People v Campbell (2018 NY Slip Op 03754)





People v Campbell


2018 NY Slip Op 03754


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kapnick, Kahn, JJ.


6665 1212N/14

[*1]The People of the State of New York, Respondent,
v
Shawn Campbell, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Matthew J. Grier of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Frank Glaser of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael R. Sonberg, J.) rendered March 22, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of 90 days concurrent with 5 years' probation, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Evidence credited by the court established that the police recovered a quantity of cocaine by way of a lawful strip search (see People v Hall, 10 NY3d 303, 310—311 [2008]). Reasonable suspicion warranting a strip search resulted from, among other things, an officer's detection of a hard object under defendant's pants in the area of his buttocks. Furthermore, the search was conducted in a reasonable manner. The court also correctly determined that the search did not rise to the level of intrusion of a visual body cavity search and that, in any event, a visual body cavity search would likewise have been permissible under the circumstances (see id.).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK